**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JACALYN PATTERSON | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 10-4094-CM |
| BEN WILLIAMS, et al. | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, Jacalyn Patterson, brings this breach of contract action, *pro se* and *in forma pauperis*, against defendants Ben Williams, Christopher Williams, and K.C. Williams. This matter is before the court on defendants' motion for summary judgment (Doc. 19).

**I.     Factual Background[1]**

In 2004, plaintiff and defendants were involved in a lawsuit in Arizona state court; the Arizona lawsuit arose from a car accident in which Ben Williams struck plaintiff with his car. On August 23, 2004, during the Arizona lawsuit, defendants requested a trial continuance because Ben Williams was in Australia for his summer break. Plaintiff agreed to the continuance on the record.

When the case was finally tried, none of the defendants appeared at trial. Plaintiff attempted to subpoena defendants to testify at trial, but the court found that she did not properly issue the subpoenas. Portions of Ben Williams's testimony were read into the record by his attorney and by

---

[1] The parties have provided the court with very few facts supported by the record. Thus, the court has reviewed the record and included those facts that are relevant, material, and properly supported by the record.

-1-

plaintiff. The jury returned a verdict in favor of defendants, and plaintiff appealed. On appeal, the court addressed whether Ben Williams's deposition was properly presented at trial and whether Ben Williams should have been sanctioned for not appearing in court. After reviewing plaintiff's appeal, the Arizona Court of Appeals affirmed the district court's rulings.

Almost six years later, on August 18, 2010, plaintiff filed this breach of contract case. In this case, plaintiff alleges that on August 23, 2004, when defendants wanted the trial continuance, she and defendants entered into a contract in which she would agree to the continuance if Ben Williams would appear at the rescheduled trial. Defendants filed the pending motion for summary judgment, arguing that the court should dismiss plaintiff's claim under the doctrines of *res judicata* and collateral estoppel, and because plaintiff cannot establish the elements required for her breach of contract claim.

**II.    Legal Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

When, as here, a plaintiff is proceeding *pro se*, the court construes his or her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," and this court need not accept allegations that state only legal conclusions. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III.    Discussion**

  ***a. Res Judicata and Collateral Estoppel***

"Under 28 U.S.C. § 1738, the preclusive effect of a state judgment is governed by the rules of preclusion of that state." *B. Willis, C.P.A., Inc. v. BNSF Ry. Corp.*, 531 F.3d 1282, 1300 (10th Cir. 2008) (quoting *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007) (footnote omitted)); *see also Garcia v. Gen. Motors Corp.*, 990 P.2d 1069, 1072 (Ariz. Ct. App. 1999). To simplify the doctrines of *res judicata* and collateral estoppel, Arizona courts have adopted the terms "claim preclusion" and "issue preclusion." *See Circle K Corp. v. Indus. Comm'n of Ariz.*, 880 P.2d 642, 645–46 (Ariz. Ct. App. 1993).

Under the doctrine of *res judicata*, commonly referred to as claim preclusion, a court's final judgment on the merits of a suit is conclusive as to all matters that were actually litigated and all matters that might have been litigated as to the parties in all other actions. *Hall v. Lalli*, 977 P.2d 776, 779 (Ariz. 1999). To determine whether a second action is the same as the first action, Arizona applies the "same evidence test." *Pettit v. Pettit*, 189 P.3d 1102, 1105 (Ariz. Ct. App. 2008). Under this test, a plaintiff is "precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action." *Id*. (quoting Restatement of Judgments § 61 (1942)).

The doctrine of *res judicata* does not apply to plaintiff's breach of contract claim. In the underlying Arizona action, plaintiff alleged personal injury claims arising from the 2004 car accident. In the pending action, plaintiff asserts a breach of contract claim, arising from a promise allegedly made between plaintiff and defendants on August 23, 2004. Defendants do not argue that the evidence needed to sustain plaintiff's breach of contract claim would have sustained her personal injury claims. Based on the record, the court finds that the evidence for the pending claims would not have supported the Arizona claims—the claims arise from different facts. *E.C. Garcia & Co., Inc. v. Ariz. State Dep't of Revenue*, 875 P.2d 169, 179 (Ariz. Ct. App. 1993) ("Two causes of action which arise out of the

same transaction or occurrence are not the same for purposes of *res judicata* if proof of different or additional facts will be required to establish them.") (citing *Rousselle v. Jewett*, 421 P.2d 529 (Ariz. 1966)). Thus, plaintiff's claims are not precluded by the doctrine of *res judicata*.

Similar to *res judicata*, collateral estoppel, or issue preclusion, prevents relitigation of issues in successive suits between the same parties. Issue preclusion is applicable when "[(1)] the issue or fact to be litigated was actually litigated in a previous suit, [(2)] a final judgment was entered, and [(3)] the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment." *Chaney Bldg. Co. v. City of Tucson*, 716 P.2d 28, 30 (Ariz. 1986) (citations omitted).

As the party asserting collateral estoppel, defendants have the burden to establish that the breach of contract issue was actually litigated and that the determination was necessary to the decision in the Arizona action. *Airfreight Exp. Ltd. v. Evergreen Air Center, Inc.*, 158 P.3d 232, 232 (Ariz. Ct. App. 2007). Defendants have not met their burden. Not only have they failed to point to a ruling in the record regarding plaintiff's breach of contract argument, they have also failed to point to anything in the record to establish that the Arizona court's ruling on Ben Williams's attendance at trial was essential to its determination on the merits of plaintiff's personal injury claims. Further, they have not provided legal analysis to support their collateral estoppel argument.

The Arizona courts addressed whether Ben Williams's deposition could be presented at trial and whether Ben Williams should have been sanctioned for not appearing in court. It does not appear that either Arizona court addressed whether defendants breached a contract with plaintiff. The court cannot, on the record before it, find that plaintiff's contract claim is barred by the doctrine of collateral estoppel.

### b. Breach of Contract

Without much analysis, defendants argue that plaintiff cannot meet any of the required elements for a breach of contract claim under Kansas law. However, under the record presented, the court questions whether plaintiff's claim is governed by Kansas or Arizona law. The alleged contract was formed in Arizona, and thus, Arizona law may apply. The parties have not addressed the issue. At this stage of the proceedings, and based on the record presented, the court cannot find that plaintiff's claim is governed by Kansas law.

Furthermore, there appear to be disputed material facts. Defendants say that they simply filed a motion to continue and that plaintiff agreed to the continuance. Plaintiff's sworn affidavit says she agreed to the continuance prior to defendants presenting their motion. (Doc. 33, Ex.1.) She states that she agreed to the continuance at the request of defense counsel and in exchange for Ben Williams's presence at the rescheduled trial. (*Id*.) Liberally construing plaintiff's pleadings, the court cannot grant defendants' motion for summary judgment on the record presented.

**IT IS THEREFORE ORDERED** that Defendants Ben Williams, Christopher Williams, and K.C. Williams's Motion for Summary Judgment (Doc. 19) is denied.

Dated this 24th day of May 2011, at Kansas City, Kansas.

                       s/ Carlos Murguia
                       **CARLOS MURGUIA**
                       **United States District Judge**