# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JACALYN PATTERSON,

        Plaintiff,

v.

                                            CIVIL ACTION

                                            No: 10-4094-CM-GLR

BEN WILLIAMS,
et al.,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action for breach of contract against Defendants Ben Williams, Christopher Williams, and K.C. Williams. The matter is before the Court on the following motions: Plaintiff's Motion for Leave to Amend (ECF No. 36), Defendants' Motion to Strike Plaintiff's Correction to Chronological Time Line (ECF No. 48), and Defendants' Motion for Leave to File Amended Answer (ECF No. 50).

Earlier in this case Defendants Williams moved for summary judgment. They argued the Court should dismiss the claim of Plaintiff under the doctrines of *res judicata* and collateral estoppel, and because she could not establish her claim for breach of contract. While the motion for summary judgment was pending, Plaintiff filed her Motion for Leave to Amend. Her proposed Amended Complaint includes a "Chronological Time Line" that describes the acts of misconduct alleged against Defendants. Opposing the motion, Defendants argue that allowing the proposed amendment would delay the litigation. They also contend that the motion and proposed amended complaint fail to comply with the Federal Rules of Civil Procedure.

On May 24, 2011, District Judge Murguia entered a Memorandum and Order (ECF No. 49) that denied the motion for summary judgment. Based upon the record before it, the Court found that the claim for breach of contract is not barred, either by *res judicata* or by collateral estoppel.

Federal Rule of Civil Procedure 15 governs amendment of pleadings. Rule 15(a)(1) allows one amendment of a complaint as a matter of course within 21 days after service of the complaint;[1] or 21 days after receiving service of an answer or motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier.[2] Subsequent amendments are allowed "only with the opposing party's written consent or the court's leave."[3] The court is instructed to "freely give leave when justice so requires."[4] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5] The decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6]

In addition, Plaintiff, as a *pro se* litigant, is entitled to liberal construction of her pleadings.[7] If the court can reasonably read the pleadings to state a valid claim on which the *pro se* plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, confusion of various legal theories, or unfamiliarity with pleading requirements.[8] At the same time, it is not

---

[1] Fed. R. Civ. P. 15(a)(1)(A).

[2] Fed. R. Civ. P. 15(a)(1)(B).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id.*

[5] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citing *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)).

[6] *Woolsey*, 934 F.2d at 1462 (citations omitted).

[7] *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (holding pro se plaintiff to "less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

[8] *Hall,* 935 F.2d at 1110.

the proper function of the district court to assume the role of advocate for the *pro se* litigant.[9] Although conclusory allegations are insufficient to state a claim, a plaintiff whose factual allegations are close to stating a claim, but are missing some important element that may not have occurred to her, should be allowed to amend her complaint.[10]

Defendants argue that allowing the proposed amendment will delay the litigation. They point out that Plaintiff has missed numerous dates established in the Scheduling Order and has failed to respond to their interrogatories and requests for production. The Court does not find that allowing Plaintiff to amend her complaint will significantly delay the present litigation. The discovery deadline remains September 15 and the deadline for any dispositive motions October 14. The trial setting is almost ten months away. Defendants themselves have moved to amend their answer.

Defendants also argue that Plaintiff's motion and proposed amendment fail to comply with the Federal Rules of Civil Procedure. Specifically they refer to Rule 7(b), requiring motions to state with particularity the grounds for seeking an order. They note that the motion of Plaintiff contains two sentences and fails to provide any justification to grant it. They further argue that the proposed amendment fails to comply with Rule 8(a). That rule requires a claim for relief to contain a short and plain statement of the grounds for the Court's jurisdiction and of the claim, showing that the pleader is entitled to relief, and a demand for the relief sought.

The Court will first address the point, raised by Defendants, that the motion itself lacks any statement of grounds. It simply asks "leave to amend initial complaint and request such in the interest of justice." Fed. R. Civ. P. 7(b)(1) requires the movant to "state with particularity the grounds for seeking the order." Measured against this rule, the brief statement in the motion would appear to require its denial. Exercising its discretion upon a motion to amend, however, the Court

---

[9]*Id.*

[10]*Id.*

3

will also examine the proposed amendment itself. From that examination the Court can better determine whether or not "in the interest of justice" the pleading adequately sets forth allegations of a claim upon which Plaintiff should be allowed to proceed. In some instances the text of the proposed pleading itself may justifiably satisfy the requirement of Rule 7(b)(1) for particularity.

Plaintiff has attached to her motion her proposed Amended Complaint. It contains nineteen pages of attachments. The body of the Amended Complaint would set forth a claim for "various acts of deception and fraudulent behavior put forth by the Williams and law firm Lewin & Schneider, some of which may be conceive (sic) as conspiracy." The attachments include five affidavits and a chronology, entitled "Williams Chronological Time Line." Defendants appropriately cite Fed. R. Civ. P. 8(a)(2) and its requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief."

In reviewing its allegations, however, the Court finds that the amended complaint should be allowed as a pleading. To some extent its assertions of fact relate to the claim for breach of contract, already set forth in the original complaint. More importantly, however, the facts assert a claim of fraud, based upon the alleged misconduct of the Defendants and the attorney in Arizona who represented them against Plaintiff in her civil law suit in that state. Fed. R. Civ. P. 9(b), of course, requires that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." A complaint for fraud should set out the "who, what, where and when" of the alleged fraud.[11] Although the attachments to the Amended Complaint may exceed pleading requirements, the Court finds no need to deny the motion for that reason.

For the foregoing reasons the Court finds that the motion, together with its proposed Amended Complaint, satisfies the requirements of the rules. Viewing her proposed amended complaint under the liberal construction afforded *pro se* litigants and in light of the requirement of

---

[11]NAL II, Ltd. v. Tonkin, 705 F. Supp. 522, 526 (D. Kan. 1989)

Rule 15(a)(2) to "freely give leave" to amend, the Court finds that Plaintiff should be granted leave to file her proposed Amendment Complaint.

Plaintiff has also filed a document entitled Corrections to Williams Chronological Time Line (ECF No. 46). Defendants Ben Williams, Christopher Williams and K.C. Williams have filed a Motion to Strike Plaintiff's Correction to Chronological Time Line (ECF No. 48). They express uncertainty as to whether the correction is intended to amend the Motion for Leave to Amend Complaint or instead is yet another motion to amend the complaint itself. They point out that the deadline for motions to amend pleadings was April 7, 2011. If Plaintiff again seeks to amend her complaint, they contend her filing is untimely. They assert she must first obtain leave of court, pursuant to Fed. R. Civ. P. 15, which she has not done. Plaintiff indicates in her response (ECF No. 52) that the Correction relates only to the Chronological Time Line itself and is not another motion for leave to amend.

Based upon its review of Plaintiff's Correction to Chronological Time Line, the Court finds the nature of the corrections to be to dates and events listed on her time line and pertaining to claims asserted in both the original and the amended complaints. The Court will therefore treat the Correction to Chronological Time Line as part of the proposed amended complaint. Accordingly, the Court denies Defendants' Motion to Strike Plaintiff's Correction to Chronological Time Line.

Defendants Williams have also filed a Motion for Leave to File Amended Answer (ECF No. 50). They seek leave to amend their answer to assert affirmative defenses of statute of limitations and statute of frauds. Because the Court is granting Plaintiff's Motion for Leave to Amend, it finds Defendants' motion moot. Under Fed. R. Civ. P. 15(a)(3), Defendants have fourteen days from the date Plaintiff serves her Amended Complaint upon them, within which to respond to it.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Leave to Amend (ECF No. 36) is granted. The Clerk of the Court is hereby directed to detach and file Plaintiff's proposed

Amended Complaint (ECF No. 36-1), and Correction to Chronological Time Line (ECF No. 46), and they shall be deemed filed as of the date of this Order.

IT FURTHER ORDERED THAT Defendants' Motion to Strike Plaintiff's Correction to Chronological Time Line (ECF No. 48) is denied.

IT IS FURTHER ORDERED THAT Defendants' Motion for Leave to File Amended Answer (ECF No. 50) is denied as moot. Under Fed. R. Civ. P. 15(a)(3), Defendants have fourteen days after the date Plaintiff's Amended Complaint is filed to respond to the amended pleading.

Dated in Kansas City, Kansas on this 29th day of June, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge