IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACALYN PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-4094-CM |
| ) | |
| BEN WILLIAMS; ) | |
| CHRISTOPHER WILLIAMS; ) | |
| K.C. WILLIAMS; JOHN DOE WILLIAMS ) | |
| and JANE DOE WILLIAMS, husband and wife; ) | |
| JOHN DOES I-X; JANE DOES I-X; ) | |
| WHITE PARTNERSHIPS I-X; and ) | |
| BLACK CORPORATION I-X, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Jacalyn Patterson, proceeding *pro se* and *in forma pauperis*, brings claims of breach of contract, concealment, deception, fraud, and conspiracy against defendants. This matter is before the court on defendants Ben Williams, Christopher Williams, and K.C. Williams's[1] first motion for sanctions (Doc. 47), and defendants' second motion for sanctions (Doc. 58). For the following reasons, the court denies defendants' motions.

I. **Background**

In 2004, plaintiff and defendants were involved in a personal injury lawsuit in Arizona state court. The Arizona lawsuit arose from an accident in which Ben Williams allegedly struck plaintiff with his car. On April 23, 2004, defendants requested a trial continuance because Ben Williams was on summer break. The court continued the trial until August. Trial ended on August 20, 2004. Ben Williams did not appear at trial.

---

[1]  The court uses the term "defendants" to refer to Ben Williams, Christopher Williams, and K.C. Williams.

Nearly six years later, on August 18, 2010, plaintiff filed the current action. Plaintiff alleges that on April 23, 2004, she and defendants entered a written contract in which she agreed to the trial continuance and defendants agreed that Ben Williams would be at trial. Plaintiff further alleges concealment, deception, fraud, and conspiracy against defendants because defendants repeatedly assured plaintiff that Ben Williams would be at trial.

In the current lawsuit, defendants served interrogatories and document requests on February 11, 2011. Plaintiff still has not responded to this discovery despite court orders requiring her to respond to the interrogatories by May 17, 2011, and to produce documents within fourteen days of the court's June 20, 2011 order. Plaintiff also failed to respond to the court's June 20, 2011 show cause order, as well as defendants' requests for admission served on June 9, 2011.

**II.     Analysis**

Defendants filed two motions for sanctions based on plaintiff's failure to respond to discovery and abide by the court's orders. In both motions, defendants request dismissal pursuant to Federal Rule of Civil Procedure 16(f)(1)(C) and 37(b)(2)(A). Neither motion identifies additional authority or any case law interpreting these rules. *Cf.* D. Kan. Rule 7.6(a)(4). The court reminds defendants of the importance of complying with the local rules and warns that it will not consider skeletal arguments in the future.

The court has authority under Federal Rule of Civil Procedure 37(b)(2) to dismiss a complaint. But this is "an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The court must consider a number of factors before imposing this sanction. *Id.* at 920–21; *see also Lemke v. Banther*, No. 08-06-HE, 2009 U.S. Dist. LEXIS 95637, at *6–12 (W.D. Okla. Sept. 16, 2009) (applying factors). One of these factors includes "whether the court warned the party in advance that dismissal of the action would be a likely sanction

for noncompliance." *Ehrenhaus*, 965 F.2d at 921.  The court is not aware of plaintiff receiving this type of notice, and defendants' motions do not identify any such notice.  Therefore, the court is not prepared to order the extreme sanction of dismissal at this time.

The court is very concerned about plaintiff's failure to respond to discovery and, therefore, orders plaintiff to meaningfully respond to all of defendants' previously served interrogatories, document requests, and requests for admission by October 18, 2011.  If plaintiff fails to do so, defendants are invited to file a properly supported motion to dismiss.  This motion should include as exhibits copies of defendants' served discovery and plaintiff's response.  Plaintiff is put on notice that failure to comply with this deadline is likely to result in <u>dismissal with prejudice</u> of plaintiff's claims.

**IT IS THEREFORE ORDERED** that defendants' motion for sanctions (Doc. 47) is denied.

**IT IS FURTHER ORDERED** that defendants' second motion for sanctions (Doc. 58) is denied.

**IT IS FURTHER ORDERED that plaintiff must meaningfully respond to all of defendants' previously served interrogatories, document requests, and requests for admissions by October 18, 2011.  Plaintiff is put on notice that failure to comply with this deadline is likely to result in <u>dismissal with prejudice</u> of plaintiff's claims.**

Dated at this 7th day of October, 2011, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**