IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACALYN PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-cv-4094-CM |
| ) | |
| BEN WILLIAMS, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Jacalyn Patterson, proceeding *pro se* and *in forma pauperis*, brings claims of breach of contract, fraud, concealment, deception, and conspiracy against defendants. This matter is before the court on defendants Ben Williams, Christopher Williams, and K.C. Williams's ("Moving Defendants") motion to dismiss (Doc. 63). Moving Defendants argue the statute of limitations bars all of plaintiff's claims. Also before the court is plaintiff's response to the October 7, 2011 show cause order (Docs. 80 and 81) regarding plaintiff's failure to prosecute the other defendants. For the following reasons, the court dismisses plaintiff's complaint against all defendants.

**I.   Background**

In 2004, plaintiff and Moving Defendants were involved in a personal injury lawsuit in Arizona state court. The Arizona lawsuit arose from an accident in which Ben Williams allegedly struck plaintiff with his car. On April 23, 2004, Moving Defendants requested a trial continuance because Ben Williams was on summer break. The court continued the trial until August. Trial ended on August 20, 2004. Ben Williams did not appear at trial.

Nearly six years later, on August 18, 2010, plaintiff filed the current action. Plaintiff alleges that on April 23, 2004, she and Moving Defendants entered a contract in which she agreed to the trial

-1-

continuance and Moving Defendants agreed that Ben Williams would be at trial.  Plaintiff further alleges fraud, concealment, deception, and conspiracy against Moving Defendants because Moving Defendants repeatedly assured plaintiff that Ben Williams would be at trial.

## II. Show Cause Order

Plaintiff's complaint names the following defendants:  John Doe Williams and Jane Doe Williams, husband and wife; John Does I-X; Jane Does I-X; White Partnerships I-X; and Black Corporation I-X.  Plaintiff has not identified nor served any of these defendants except a single White Partnerships and a single Black Corporation.  She served these two defendants on August 28, 2010, but neither of these defendants has appeared.  Because the record indicates that no progress or effort has been made to prosecute against any of these defendants, the court ordered plaintiff to show cause why these unnamed defendants should not be dismissed under Federal Rule of Civil Procedure 41(b).  The plaintiff filed a response, but it was non-responsive and seemingly concedes that Moving Defendants are the only defendants in this lawsuit.

A court may *sua sponte* dismiss claims for failure to prosecute under Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).  Before dismissing a claim under this rule, the court should consider several factors.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  In this case, plaintiff failed to identify any reason why these defendants should not be dismissed or any actions she was taking to identify and prosecute these individuals.  Plaintiff's inaction prejudices these unnamed defendants by not allowing them to get involved and actively participate in this lawsuit.  In addition, it is possible that there is overlap between Moving Defendants and these unnamed defendants, which could duplicate expenses if plaintiff subsequently decides to prosecute these individuals.  Plaintiff was warned that failure to respond could result in dismissal of these defendants.  Although plaintiff technically filed a response, it did not provide any reason for her

failure to prosecute these defendants (apart from her being unaware that further action was required). Finally, plaintiff is proceeding *in forma pauperis*, so it is unlikely that other sanctions would be appropriate. For these reasons, the court determines that plaintiff failed to demonstrate why these defendants should not be dismissed. Accordingly, the court dismisses plaintiff's claims against John Doe Williams and Jane Doe Williams, husband and wife; John Does I-X; Jane Does I-X; White Partnerships I-X; and Black Corporation I-X.

### III.    Motion to Dismiss

Moving Defendants move to dismiss all of plaintiff's claims as barred by the statute of limitations. The statute of limitations can be raised in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Solomon v. HSBC Mortg. Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010) (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). Therefore, the court analyzes Moving Defendants' motion under this rule.

Because plaintiff is proceeding *pro se*, the court construes her pleadings liberally. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This does not mean, however, that the court can provide additional factual allegations or construct legal theories on plaintiff's behalf. *Id.* The court need only accept as true her well-pleaded factual allegations and view them in the light most favorable to her. *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1240 (10th Cir. 2003).

#### a.    Choice-of-Law Analysis

A federal court sitting in diversity jurisdiction applies the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 495–97 (1941); *Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 779 (10th Cir. 2004). In resolving choice-of-law issues for breach of contract claims, Kansas courts apply the law of the state where the contract is made. *Safeco Ins. Co. of Am. v.*

*Allen*, 941 P.2d 1365, 1372 (Kan. 1997).  In this case, the contract was made in Arizona.  Therefore, Arizona substantive law applies to plaintiff's breach of contract claims.

For plaintiff's tort claims, Kansas courts apply the law of the state where the tort occurred. *Brown v. Kleen Kut Mfg. Co.*, 714 P.2d 942, 944 (Kan. 1986).  All of the acts alleged by plaintiff occurred in Arizona.  Therefore, Arizona substantive law governs plaintiff's tort claims.

Even though Arizona substantive law governs plaintiff's claims, a Kansas court generally "applies its own statutes of limitations to actions before it."  *Garcia*, 358 F.3d at 779 (quoting *Muzingo v. Vaught*, 859 P.2d 977, 979 (Kan. Ct. App. 1993)).  Accordingly, the Kansas statute of limitations applies to plaintiff's claims.  Moreover, the applicable time period starts as soon as the right to maintain the legal action arises.  *Johnston v. Farmers Alliance Mutual Ins. Co.*, 545 P.2d 312, 317 (Kan. 1976).

### b. Breach of Contract

The statute of limitations in Kansas is five years for breach of a written contract and is three years for breach of an oral contract.  K.S.A. §§ 60-511, 60-512.  Plaintiff alleges Moving Defendants breached the contract on August 20, 2004, and plaintiff filed her original complaint nearly six years later on August 18, 2010.  Therefore, regardless of whether the contract is written or oral, plaintiff failed to file her complaint within the statute of limitations required by Kansas for breach of contract.

Plaintiff's complaint does not allege any facts suggesting tolling.  *Bowman v. Bowman*, 7 P.2d 521, 521 (Kan. 1932); *Gideon v. Gates*, 611 P.2d 166, 167–68 (Kan. Ct. App. 1980) ("[T]he burden of proving facts sufficient to toll the statute is upon the plaintiff.").   Her opposition, however, suggests that defendant Ben Williams was "working in Australia for Chaffey Brother Wines" to "avoid issues of 2004."  (Doc. 71 at 3.)  Because these allegations are not in her complaint, the court does not consider them in deciding a motion to dismiss for failure to state a claim.  *Doyle v. Okla. Bar Ass'n*,

998 F.2d 1559, 1566 (10th Cir. 1993) (confining review of order granting a motion to dismiss for failure to state a claim "to the allegations of the complaint").

Even if these allegations appeared in plaintiff's complaint, however, they would not be sufficient to toll the statute of limitations because plaintiff does not allege that Ben Williams' whereabouts were unknown. *See* K.S.A. § 60-517. Rather, these allegations indicate that Ben Williams's whereabouts were known, or by the exercise of due diligence should have been known, to plaintiff because Ben Williams was working at Chaffey Brother Wines. *See Gideon*, 611 P.2d at 168 (explaining that "known" with the Kansas statute means "known to plaintiff, or by the exercise of due diligence should have been known to plaintiff") (internal quotations omitted). These allegations also fail to allege that Ben Williams was not subject to process in Australia. Therefore, even if these allegations appeared in plaintiff's complaint, her breach of contract claim would be barred by the applicable statute of limitations and dismissed.

### c. Fraud, Fraudulent Concealment, Deception

The statute of limitations in Kansas for actions on the grounds of fraud is two years from the date plaintiff discovered the fraud. K.S.A. § 60-513. Plaintiff alleges fraud, fraudulent concealment, and deception based on Moving Defendants' repeated assurances that Ben Williams would be at trial.[1] Plaintiff learned of this fraud, fraudulent concealment, and deception on August 20, 2004, and filed her original complaint on August 18, 2010. Therefore, plaintiff failed to file her complaint within the two-year statute of limitations. For the same reasons discussed above, plaintiff has not alleged

---

[1] Neither party identified any case law establishing that Arizona recognizes a distinct tort for concealment or deception. Arizona does have a tort for fraudulent concealment, which occurs when "one party to a transaction who by concealment or other action intentionally prevents the other from acquiring material information." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 34 (Ariz. 2002). Regardless of the precise nature, both claims sound in fraud and are subject to the two-year statute of limitations. Even if these claims did not sound in fraud, they would still be subject to a two-year statute of limitations. K.S.A. § 60-513(a)(4).

-5-

sufficient facts for tolling.  Plaintiff's fraud, fraudulent concealment, and deception claims are dismissed.

### d.  Civil Conspiracy

Plaintiff's final claim is civil conspiracy, which requires an agreement to accomplish an underlying tort.  *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 36 (Ariz. 2002).  The statute of limitations in Kansas for civil conspiracy is the underlying tort's statute of limitations.  *Meyer Land & Cattle Co. v. Lincoln Cnty. Conserv. Dist.*, 31 P.3d 970, 976 (Kan. Ct. App. 2001).  In this case, plaintiff alleges an underlying tort of fraud based on Moving Defendants' repeated assurances that Ben Williams would be at trial.  Therefore, this claim is time-barred for the same reasons as plaintiff's fraud, fraudulent concealment, and deception claims.

**IT IS THEREFORE ORDERED** that plaintiff's claims against John Doe Williams and Jane Doe Williams, husband and wife; John Does I-X; Jane Does I-X; White Partnerships I-X; and Black Corporation I-X are dismissed.

**IT IS FURTHER ORDERED** that Moving Defendants' motion to dismiss (Doc. 63) is granted.

Dated at this 28th day of October, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge
