IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACALYN PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-cv-4094-CM |
| | ) |
| BEN WILLIAMS, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Jacalyn Patterson, proceeding *pro se* and *in forma pauperis*, brought this action alleging breach of contract, fraud, concealment, deception, and conspiracy against defendants. On October 28, 2011, this court determined that plaintiff's claims were barred by the applicable statute of limitations and granted defendants Ben Williams, Christopher Williams, and Kristine C. ("K.C.") Williams's motion to dismiss. The court also dismissed plaintiff's claims against various unnamed defendants for failure to prosecute. The court entered judgment on the same day. Before the court is plaintiff's motion for reconsideration (Doc. 86). For the following reasons, the court denies plaintiff's motion.

Plaintiff filed her motion for reconsideration within twenty-eight days of this court's October 28, 2011 order and judgment. Therefore, her motion is considered under Federal Rule of Civil Procedure 59(e). Under this rule, the grounds warranting reconsideration include (1) an intervening change in law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's first challenge to the court's order and judgment is that plaintiff can now identify some of the unnamed defendants as Christopher Williams and Kristine Williams. This argument fails

to satisfy any of the grounds warranting reconsideration. Specifically, this argument does not identify a change in law, new evidence that was previously unavailable, or the need to correct clear error. Indeed, Christopher Williams and Kristine Williams are already named defendants in this lawsuit. Accordingly, plaintiff's first argument does not warrant reconsideration of the court's order and judgment dismissing various unnamed defendants for failure to prosecute.

Plaintiff's second challenge to the court's order and judgment is that the court committed error by applying the Kansas statute of limitations to plaintiff's claims. The court disagrees. Because this is a diversity case, the court applies the choice of law rules of the forum state. *Garcia v. Int'l Elevator Co.*, 358 F.3d 777, 780 (10th Cir. 2004). This court applied the Kansas choice of law rules and determined that Arizona substantive law should apply to plaintiff's claims. But a Kansas court generally applies its own statute of limitations. *Muzingo v. Vaught*, 859 P.2d 977, 979 (Kan. Ct. App. 1993). So the Kansas statute of limitations still applies to plaintiff's claims. Although the distinction between substantive law and the statute of limitations can be confusing, the court correctly applied the applicable principles in determining the relevant law for this case.

Along these same lines, plaintiff argues that the court should have borrowed the Arizona statute of limitations. This argument misapplies the Kansas borrowing statute. The Kansas borrowing statute works to prevent claims that are time-barred in the forum where the claim arose from being litigated in Kansas. Kan. Stat. Ann. § 60-516. The borrowing statute does not work to extend the Kansas limitations period. *Muzingo*, 859 P.2d at 980 ("[W]hen filed in this state, the action must be timely filed under this state's applicable statute of limitations."). Under the facts of this case, the court cannot borrow the Arizona statute of limitations to make plaintiff's claims timely in Kansas.

Plaintiff's last attempt to show the court committed error in applying the Kansas statute of limitations is that both parties cited Arizona law in the moving papers. Based on this fact, plaintiff

argues that "[w]hen the parties agree then the Court standard is to put forth the same." (Doc. 92 at 2.) Plaintiff is correct that the court is not obligated to analyze a choice of law issue *sua sponte*. *Kearl v. Rausser*, 293 F. App'x 592, 599 n.2 (10th Cir. 2008) ("'[U]nlike jurisdictional issues, courts need not address choice of law issues sua sponte.'") (quoting *Flying J Inc. v. Comdata Network, Inc.*, 405 F.3d 821, 831 n.4 (10th Cir. 2005)). But neither is the court prohibited from doing so.

Plaintiff's third and final challenge to the court's order and judgment relates only to defendant Ben Williams. Specifically, plaintiff argues that the statute of limitations should be tolled because defendant Ben Williams was in Australia. The court's original order considered this argument and rejected it because plaintiff's complaint did not include allegations regarding tolling. The court further determined that leave to amend would be futile because—even assuming that the statement in plaintiff's opposition appeared in plaintiff's complaint—plaintiff had not offered allegations sufficient to satisfy Kansas Statute Annotated § 60-517. And a motion for reconsideration is not a second attempt to argue the same points. *See Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1360–61 (D. Kan. 2004) (explaining that a motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed"). Accordingly, plaintiff has not demonstrated that reconsideration is warranted.

To clarify the court's original order, plaintiff's opposition to the motion to dismiss argued that "[t]o avoid issues of 2004 seemingly Ben Williams took up working in Australia for Chaffey Brother Wines and a position of designing a label for a new wine which appeared on the internet." (Doc. 71 at 3.) Plaintiff argues that because Ben Williams was physically absent from the state of Kansas, the statute of limitations should be tolled. But this is an incorrect reading of the tolling statute. Specifically, Kansas courts have explained that "a plaintiff does not sustain the burden of proving facts sufficient to toll the statute of limitations by demonstrating merely that a defendant was

physically absent from the state." *Gideon v. Gates*, 611 P.2d 166, 168 (Kan. Ct. App. 1980).  Rather, a plaintiff must also show that defendant's whereabout were not known and that service of process could not be effected.  *Id.*; Kan. Stat. Ann. § 60-517 ("This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter.").  Courts have interpreted "known" to mean "known to plaintiff, or by the exercise of due diligence should have been known to plaintiff." *Gideon*, 611 P.2d at 168 (internal quotation and citation omitted).

Plaintiff's opposition to the motion to dismiss indicates that Ben Williams's whereabouts were known—namely, he was working for Chaffey Brother Wines in Australia.  In addition, there is no allegation that he could not be served with process while in Australia.  And it appears to the court that he could have been served with process.  *See, e.g.*, Kan. Stat. Ann. § 60-308(a)(2) and § 60-304(a) (describing service of process for individuals outside of the state); Fed. R. Civ. P. 4(2)(a) and Dist. Court Civil Rules for S. Australia 66 and 67 (*available at*

http://www.courts.sa.gov.au/lawyers/dc_rules/2006/DCR-2006-consol-am19.pdf) (last visited Jan. 18, 2012) (describing service of process for individuals in a foreign country).[1]  Accordingly, it would have been futile to grant plaintiff leave to amend her complaint to include the allegations in her opposition.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Doc. 86) is denied.

Dated this 18th day of January, 2012, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> United States District Judge

---

[1] Australia acceded to the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters* in March 2010.